FILED
2006 Jun-30 PM 02:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **MICHAEL WADDLE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.  CV 06-S-286-W |
| ) | |
| **WARDEN CHERYL PRICE, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 23, 2006, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b).  The plaintiff filed objections to the report and recommendation on June 7, 2006.

Plaintiff attaches a copy of his progress review form and maintains that it shows evidence of intentional discrimination against him on the part of Commissioner Lovelace.  The classification committee recommended plaintiff be assigned to Bibb County Correctional Facility ("BCCF") and in the space provided for the justification is written, "Reclass Parole has been reset to August 2009 no longer eligible for min custody Recommend remain at Bibb Medium Custody and request "R" suffix per Commissioner Lovelace." In *Oyler v. Boles*, 368 U.S. 448, 456 (1962),

the United States Supreme Court indicated that to show a constitutional violation there must be a showing of selection deliberately "based upon an unjustifiable standard such as race, religion or other arbitrary classification." Plaintiff does not make any claim that he was discriminated against on the basis of race, religion, or other arbitrary classification.

Plaintiff claims "the act of intentional discrimination was precipitated by Deputy Commissioner Lovelace (for what purpose I don't understand)." "Absent any allegation of a discriminatory purpose, a mere failure of those who administer the law to treat equally all persons who violate the law does not constitute a denial of the constitutional right to equal protection." *Harrington v. United States*, 673 F.2d 7, 11 (1st Cir. 1982) (citations omitted). *See also E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988). Plaintiff's vague allegation is insufficient to show that he was denied equal protection in the reclassification process. The mere fact that he was the only murderer to be assigned to BCCF rather than an honor camp does not support his claim.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint

is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

    DONE this 30th day of June, 2006.

                                          /s/ Lynwood Smith
                                          United States District Judge